UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TERESA CAMPBELL, | : | Case No. 1:05-cv-161 |
| | : | |
| Plaintiff, | : | Beckwith, C.J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT THE UNOPPOSED MOTION FOR FEES FILED BY PLAINTIFF'S COUNSEL (Doc. 21) BE GRANTED**

This is a Social Security disability benefits appeal for which plaintiff was awarded disability benefits. (*See* Docs. 16, 19.) Now before the Court is a motion by plaintiff's counsel (doc. 21) for a 25% contingency fee award. The motion, which remains unopposed by the Commissioner, is premised upon 42 U.S.C. § 406(b)(1)(A).[2] *See Horenstein v. Secretary of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (*en banc*).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Section 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

**I.**

Plaintiff entered into a fee agreement authorizing a 25% contingency fee. (Doc. 21, ex. A). Acting pursuant to § 406(b)(1)(A), the Commissioner has withheld 25% of plaintiff's benefit monies – or $10,300.00 – as a potential contingency fee to be awarded to plaintiff's counsel. (*Id.*, ex. B).

While an agreement between an attorney and client which provides for a 25% contingent fee is given a presumption of reasonableness, the agreement is not binding on the court. *See Rodriquez v. Bowen,* 865 F.2d 739, 746 (6th Cir. 1989) (*en banc*). The court must ultimately determine what is reasonable and has discretion to award less than the fee provided in an agreement. In *Rodriquez,* the Sixth Circuit established a rebuttable presumption that an attorney would receive the full 25% contingency fee under contract unless (1) the attorney engaged in improper conduct or was ineffective, or (2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort.

In the present case, there are no allegations of improper conduct or ineffectiveness of counsel, nor any suggestion that counsel expended only minimal effort. Moreover, in light of counsel's experience in Social Security matters (*see* doc. 19),[3] it does not appear that the requested fee would result in an undeserved windfall.

---

[3] Counsel has practiced law for 37 years. He has handled Social Security Disability claims since 1973, and he is a recognized specialist in the field.

2

## II.

It is therefore **RECOMMENDED** that the unopposed motion for § 406(b)(1)(A) fees be **GRANTED,** and that plaintiff's counsel be **AWARDED** his requested $10,300.00 in fees.

Date: 6/10/08

Timothy S. Black
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TERESA CAMPBELL, | : | Case No. 1:05-cv-161 |
| | : | |
| Plaintiff, | : | Beckwith, C.J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **FIFTEEN DAYS** after the date of entry of this Report and Recommendation. This period may be extended by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).